IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. JANET LAWSON

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 4769     Lillie Ann Sells, Judge**

---

**No. E2000-02486-CCA-R3-CD**
**September 19, 2001**

---

The Defendant pled guilty to one count of theft over $1,000.00 and the trial court sentenced her as a Range I standard offender to three years probation. The Defendant appeals from the revocation of her probation, contending that the trial court abused its discretion by ordering her to serve the remainder of her sentence in confinement. Because we conclude that the record supports that trial court's decision to revoke the Defendant's probation, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Cynthia S. Lyons, Assistant Public Defender, Cookeville, Tennessee, for the Appellant, Janet Lawson.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On November 10, 1997, the Cumberland County Grand Jury indicted the Defendant, Janet Lawson, for one count of theft over $1,000.00. On July 24, 1998, the Defendant pled guilty to the indicted offense, a Class D felony, and received a three-year sentence as a Range I standard offender. The Defendant was placed on probation to be supervised by the Community Corrections program. On April 10, 2000, a probation violation warrant was issued against the Defendant, alleging that she had been arrested and charged with disorderly conduct and driving under the influence.

On September 28, 2000, the trial court conducted a violation of probation hearing. Officer Jimmy Erwin of the Meigs County Sheriff's Department testified that on March 24, 2000, he was

called to the Pleasure Island convenience store. Upon his arrival, the manager of the convenience store asked Officer Erwin to remove the Defendant from his business establishment because she was bothering customers and using vulgar language. Officer Erwin testified that the Defendant's speech was slurred, that she was unsteady on her feet, and that she appeared to be intoxicated, although he did not smell alcohol on her. He stated that she was "very, very abusive." After escorting the Defendant out of the store, Officer Erwin attempted to give the Defendant "some tests and to talk to her," and she became very abusive, cursing and swearing at the officer. Officer Erwin then arrested the Defendant for disorderly conduct. The officer testified that the Defendant was booked and "processed through."

Approximately three to four hours later, Officer Erwin was driving on Highway 68 in Meigs County when he noticed a vehicle pulling off the highway onto the shoulder of the road. The officer turned his patrol car around and pulled behind the vehicle to see if its occupants "were okay or having problems." It was then that Officer Erwin saw that the driver of the vehicle was the Defendant. The Defendant told Officer Erwin that her car had quit, and she pulled it over. After asking the Defendant to step out of the car, Officer Erwin observed the Defendant to be "very unstable," and he noted that her speech was "even more slurred." He recalled, "I could barely understand her." The Defendant failed the field sobriety tests that Officer Erwin administered to her. The Defendant told Officer Erwin that she had not been drinking, but that she was on three or four different pain medications. Officer Erwin testified that in his opinion, the Defendant's behavior was not consistent with that of someone taking several pain medications. Based upon his observations, Officer Erwin arrested the Defendant and charged her with driving under the influence.

The Defendant also testified at the hearing. She reported that she had been on disability since 1996 because she had undergone back surgery for a ruptured disc in 1995 and because she had suffered a "nervous breakdown" in 1995. She stated that she was under the care of a psychologist. The Defendant further testified that she was taking several prescription medications: "Lorcet 10 for pain"; Xanax "for my nerves"; Soma "for muscle relaxers"; "Tolfron (spelled phonetically) . . . for an anti-depressant"; and Tagamet "for my stomach." She stated that the pain medication and muscle relaxers were prescribed for her back problems.

The Defendant maintained that the violation warrant at issue in this case was the first to be filed against her since she was placed on probation. She testified that she had been paying monthly restitution while on probation and had paid over $2,200 of the $3,000 ordered as restitution. The Defendant also testified that she had been meeting regularly with her probation officer, as ordered, and she maintained that she had passed drug tests administered to her as part of her probation, all of which had come back negative for the presence of illegal drugs.

The Defendant testified that she was on her prescription medication at the time of her arrests by Officer Erwin. However, she claimed that she did not "feel like" she was impaired. With regard to her arrest for disorderly conduct, the Defendant testified, "The only thing I said to [Officer Erwin] was I asked him what I was being arrested for. And he told me disorderly conduct and I asked him where was I supposed to have been disorderly at, because I had been in there playing the machine

for like three hours." The Defendant maintained that when Officer Erwin arrested her for driving under the influence, she was driving to her mother's home. She stated that her car "died," forcing her to pull over.

Officer Mark Thomasson, the Defendant's probation officer, testified that he had been handling the Defendant's case since February 2000. He stated that he took out a warrant to revoke the Defendant's probation after learning of the Defendant's arrests in March 2000. On cross-examination, Thomasson stated that since the time of her arrests for the current charges, the Defendant had been reporting to him regularly and paying fines and court costs.

After the conclusion of the hearing, the trial court found by a preponderance of the evidence that the Defendant had violated her probation and ordered that the Defendant serve the remainder of her sentence in the Tennessee Department of Correction. The trial court concluded that the Defendant's testimony was not credible as it related to the events surrounding her arrests and to her condition at the time of her arrests. The court also concluded that the Defendant did not take responsibility for her actions and did not appear to "take probation serious[ly]." The trial court therefore ordered that the Defendant be taken into custody to serve her three-year sentence.

Although the Defendant does not contest the sufficiency of the evidence supporting revocation of her probation, she contends that the trial court should not have ordered her to serve her sentence. In her brief, she claims that she "was a good probationer before and after the new arrests took place, and she asserts that she adequately demonstrated to the trial court that she could continue to do well on probation." The Defendant argues that the trial court's decision to require her to serve the remainder of her sentence in confinement is "excessive."

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(d). The decision to revoke probation lies within the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court's decision to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, an appellate court must conclude that the record is void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

The Defendant has failed to establish that the trial court abused its discretion by revoking her probation and by ordering her to serve the remainder of her sentence in confinement. The record contains ample evidence supporting the trial court's decision that a violation of probation occurred in this case. Based upon our review of the record, the trial court acted well within its discretion in revoking the Defendant's probation.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE